IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

LARRY LYDELL BELL, SR.   CV. 11-1222-HZ

        Plaintiff,   ORDER

  v.

MARK NOOTH, et.al.,

        Defendants.

HERNANDEZ, District Judge.

    This 42 U.S.C. § 1983 civil rights action comes before the court on Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (#9). Plaintiff asks the Court to prevent the defendants L. Jordan and M. Rossi, law library coordinators, from denying him the use of a computer thumb-drive he contends is essential for his access to the courts to pursue his appeals, and from limiting his use of case law based on his ability to pay. (#10, at 2.) For the reasons that follow, Plaintiff's motion is DENIED.

1 -- ORDER

## STANDARDS

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish [1] that he is *likely* to succeed on the merits, [2] that he is *likely* to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.*, at 20 (emphasis added); *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In the Ninth Circuit, assuming the other elements of the *Winter* test are met, a "sliding scale" approach may be taken and "[a] preliminary injunction is appropriate when a plaintiff demonstrates ... that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Alliance for the Wild Rockies*, 632 F.3d at 1131-35 ("'serious questions' approach survives *Winter* when applied as part of the four-element *Winter* test").

## DISCUSSION

Plaintiff filed this civil rights action on October 7, 2011, alleging Department of Corrections personnel are engaged in racial discrimination, retaliation, denial of his right to due process, and denial of his access to the courts. On November 14, 2011, Plaintiff filed the motion before the court for preliminary

2 -- ORDER

injunction and temporary restraining order. In the supporting affidavit, Plaintiff argues that absent court intervention, "he will loose both his appeal and rights secured by the Constitutions, because he is being prohibited from complying with court rules...." (#10, at 2.) Plaintiff includes a copy of written restrictions he received from defendant L. Jordan regarding use of his thumb-drive. He alleges the restrictions are the result of a frivolous misconduct report that was dismissed by the hearing officer. (*Id.*, Ex. 1.)

   Prisoners have a constitutional right to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821-23 (1977). To prevail on a claim of denial of access to courts a prisoner must show actual injury. *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). To show actual injury, Plaintiff would need to show the restrictions on the use of his thumb-drive caused him to be unable to file a complaint, or caused his complaint to be refused by the courts. He asserts broadly that he is unable to comply with court rules, but he does not cites the rules in question, nor does he provide the court with evidence of actual injury from the thumb-drive restriction or case law restriction. *See Lewis*, 518 U.S. at 351 (plaintiff might show complaint was dismissed for failure to satisfy technical requirements as a result of library deficiencies). The filing of the instant action despite the thumb drive restriction raises questions as to whether Plaintiff's

meaningful access to the courts is in fact burdened by the restriction. *Id*.

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held," and it is generally not appropriate for a federal court at the preliminary injunction stage to give a final judgment on the merits. *University of Texas v. Camenisch*, 451 U.S. 391, 395 (1981); *Regents of University of California v. ABC, Inc.*, 747 F.2d 511, 514 (9th Cir. 1984) ("the function of a preliminary injunction is to preserve the *status quo ad litem."* )  The injunctive relief that Plaintiff seeks would in essence constitute a judgment on the merits of one or more of his underlying claims and is therefore inappropriate.

## CONCLUSION

Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order is DENIED.

IT IS SO ORDERED.

DATED this __23rd__ day of December, 2011.

                                                      /s/ Marco A. Hernandez
                                                     Marco A. Hernandez
                                                     United States District Judge